# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| ARCHIE CUNNINGHAM,, No. 1100292 | ) | |
| RICHARD RIPLEY, No. 501785, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-4354-CV-C-SOW |
| | ) | |
| MISSOURI DEPT. OF PROBATION | ) | |
| AND PAROLE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiffs, inmates confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiffs Arcie Cunningham and Richard Ripley seek a declaratory judgment and injunctive relief against the Missouri Department of Probation and Parole relative to their conditional release from custody and the terms of those releases. Plaintiff Cunningham also asserts that if he is forced to reside at the Kansas City Honor City, his medical condition will deteriorate and he will be in danger of serious harm.

Plaintiffs have requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiffs' inmate account information, the court will grant leave to proceed for defendant Cunningham and provisional leave to proceed in forma pauperis to defendant Ripley. Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a

prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In light of the above screening mandate, plaintiffs' constitutional challenge to their conditional release date and the conditions imposed for conditional release will be recommended dismissed.  There is no liberty interest in conditional release entitling inmates to procedural due process unless the liberty interest is created by the state statute.  *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1997).  Missouri statutes do not create a liberty interest in conditional release.  *Johnson v. Missouri Bd. of Probation and Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002).  *Accord Watson v. Clover*, 102 Fed. Appx. 519 (8th Cir. 2004) (unpublished).

Plaintiffs' request for declaratory judgment regarding the no-bail provisions of Mo. Rev. Stat. § 217.541.5 (2000) is also not ripe for review.  Plaintiffs are not currently on house arrest and have not been arrested for failure to return to house arrest.  Neither have they alleged facts indicating a substantial likelihood that they will in the future be arrested pursuant to that statute.

Plaintiff Cunningham asserts that he will be transferred to a Level One penal institution, such as the Kansas City Honor Center, because he does not have an alternative housing plan to propose upon his conditional release.[1]  He maintains that transfer to the Kansas City Honor Center and/or electronic monitoring will seriously jeopardize his health and safety, and that his transfer is likely to occur in November 2005.  Although plaintiff Cunningham's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed on this one claim at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis.  28 U.S.C. § 1915 (as amended Apr. 26, 1996).  The records available to the court indicate plaintiff Cunningham is capable

---

[1]The two plans he initially submitted were rejected by the defendant.

of making an initial payment of $14.88[2] toward the filing fee.  Plaintiff should contact prison officials to have the initial payment processed.  In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full.  If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders.  Fed. R. Civ. P. 41(b).

On December 1, 2005, plaintiff Cunningham filed a motion for the entry of default and for a ruling on his request for a preliminary injunction.  Plaintiff's request for default is premature because the case was only provisionally filed when submitted, and does not actually commence until after a ruling has been made on the request for in forma pauperis status.  Defendants are under no obligation to respond until service is made or waived after that time.

Plaintiff Ripley's claims should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983.  Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed.  Reply suggestions should be filed within twelve days after the suggestions in opposition are filed.  In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions.  Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule.  Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response.  Responses and suggestions filed out-of-time, without

---

[2]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  28 U.S.C. § 1915 (as amended Apr. 26, 1996).  If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

3

prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff Cunningham is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his claim that his health will be seriously jeopardized if he is transferred to the Kansas City Honor Center [2]. It is further

ORDERED that within thirty days, plaintiff Cunningham make an initial payment of $14.88 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, whether he will or will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

ORDERED that plaintiff Cunningham's motion of December 1, 2005, for entry of default and other orders is denied as premature and/or moot [16]. It is further

ORDERED that plaintiff Ripley is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence [3]. It is further

RECOMMENDED that all of plaintiff Ripley's claims and all of plaintiff Cunningham's claims, except for the claim regarding his health, be dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff Ripley leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 13th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge