IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ARCIE CUNNINGHAM,, No. 1100292 ) | |
| RICHARD RIPLEY, No. 501785, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-4354-CV-C-SOW |
| ) | |
| DANA D. THOMPSON, Chairman, ) | |
| MISSOURI BOARD OF PROBATION ) | |
| AND PAROLE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On December 13, 2005, the United States Magistrate Judge recommended dismissing the claims of plaintiffs Richard Ripley and Arcie Cunningham, with the exception of Cunningham's claims regarding his health. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record[1], including the exceptions filed by plaintiffs on January 12, 2006. The issues raised in plaintiffs' exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Furthermore, upon review of the record, plaintiff Cunningham's remaining claims regarding his health are also dismissed for failure to state a claim. Plaintiff was granted leave to proceed on such claims challenging his placement at a halfway house only because of allegations that his health was imminently at risk. The Magistrate Judge held a conference regarding this case on December 28, 2006, and a review of the conference proceedings

---

[1] Court proceedings, if any, are recorded by electronic recording equipment and the tapes are available for review by the court and counsel.

indicates that although plaintiff Cunningham has serious health problems related to his heart condition, his health condition is not in jeopardy or being worsened as a result of his being released from the Missouri Department of Corrections to a halfway house. Therefore, because plaintiff's claims challenging his placement at a halfway house are, in fact, challenging the conditions imposed as to his conditional release date; and such conditions are not posing an imminent risk to plaintiff's health, such claims are dismissed. As set forth in the recommendation of the Magistrate Judge, adopted by this court, Cunningham has no liberty interest in his conditional release date or the conditions imposed.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

Based on the foregoing, this court finds defendants' motions to dismiss as moot.

IT IS, THEREFORE, ORDERED that defendants' motions to dismiss are moot [26, 32]. It is further

ORDERED that the Magistrate Judge's December 13, 2005 Report and Recommendation is adopted [18 ]. It is further

ORDERED that plaintiffs' claims, including those of Arcie Cunningham regarding his health, are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted, and the Clerk of Court is directed to enter a final judgment closing the case. It is further

ORDERED that plaintiff Cunningham's motion for a preliminary injunction as to his claims is denied [29]

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: April 3, 2006